IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INFOMOTION SPORTS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DDSPORTS, INC., <br><br> Defendant. | Civil Action  15-9702 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, InfoMotion Sports Technologies, Inc. ("InfoMotion") files this Complaint for Patent Infringement and demand for jury trial against Defendant. InfoMotion states and alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by InfoMotion against DDSports, Inc. d/b/a ShotTracker ("ShotTracker") for infringement of United States Patent Nos. 8,540,560 ("the '560 patent") and 8,579,632 ("the '632 patent") resulting from ShotTracker's manufacture, use, sale, and offer for sale of its ShotTracker Net and ShotTracker Wrist Sensors in combination with its ShotTracker Player and/or ShotTracker Coach software applications.

**THE PARTIES**

2. InfoMotion is a Massachusetts corporation with its principal place of business at 6625 Dublin Center Drive, Dublin, Ohio 43017.

3. On information and belief, ShotTracker is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located at 6433 High Drive, Mission Hills, Kansas 66208.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over ShotTracker because, on information and belief, ShotTracker is a Kansas corporation that has its principal place of business located in this District. Further, this Court has personal jurisdiction over ShotTracker because it regularly conducts business in this District and therefore has substantial and continuous contacts within this District; because it has purposefully availed itself to the privileges of conducting business in this District; and/or because it has committed acts of patent infringement in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

7. InfoMotion is engaged in the business of designing, manufacturing, and selling advanced motion-sensor equipment and software that provides electronic analysis of athletic or complex motion activities.

8. For example, InfoMotion designed, makes and sells the 94Fifty® Smart Basketball. InfoMotion's 94Fifty® Smart Basketball has received numerous engineering awards over the past two years including being named the top mobile application and software from the International Consumer Electronics Show (CES) as well as being named a Time Magazine top 25 invention of the year. InfoMotion's 94Fifty® Smart Basketball measures several important skills involved with basketball, including shooting and ball-handing, and includes a SmartNet

feature to count makes and misses. Combined with important metrics such as shot release speed, shot arc, and backspin, the 94Fifty® Smart Basketball can significantly improve a player's skill and connect the player with other players anywhere in the world.

9. The '560 patent, entitled "Monitoring of Physical Training Events," issued to Michael James Crowley and Kevin King on September 23, 2013. A copy of the '560 patent is attached as Exhibit A.

10. InfoMotion owns the entire right, title, and interest in the '560 patent by assignment.

11. The '632 patent, entitled "Electronic Analysis of Athletic Performance," issued to Michael James Crowley on November 12, 2013. A copy of the '632 patent is attached as Exhibit B.

12. InfoMotion owns the entire right, title, and interest in the '632 patent by assignment.

13. InfoMotion's 94Fifty® Smart Basketball practices one or more claims of the '560 and '632 patents.

14. InfoMotion has marked its 94Fifty® Smart Basketball products in accordance with 35 U.S.C. § 287.

15. ShotTracker has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale systems and methods for performing electronic analysis of athletic performance that include its ShotTracker Net and ShotTracker Wrist Sensors in combination with its ShotTracker Player and/or ShotTracker Coach software applications (the "Accused Products").

16. InfoMotion gave ShotTracker actual notice of the '560 and '632 patents on or around October 23, 2015. For example, on October 23, 2015, Michel J. Crowley, Chief Executive Officer for InfoMotion, sent a letter to Bruce Ianni, Chief Executive Officer for ShotTracker, identifying the '560 and '632 patents. The letter stated InfoMotion's belief that ShotTracker requires a license to InfoMotion's patents.

17. ShotTracker has infringed and continues to infringe claims of the '560 and '632 patents, both directly and indirectly, and will continue to do so unless enjoined.

## COUNT I
### (Infringement of U.S. Patent No. 8,540,560)

18. InfoMotion restates and realleges the preceding paragraphs of this Complaint.

19. On information and belief, ShotTracker is directly infringing and actively inducing others to infringe the '560 patent by making, using, offering to sell, and/or selling within the United States its Accused Products and will continue to do so unless enjoined by this Court.

20. On information and belief, the '560 patent is directly infringed by at least ShotTracker's own use, testing, and promotion of the Accused Products and also by direct and indirect customers of ShotTracker who use the Accused Products in a manner that directly infringes one or more claims of the '560 patent. ShotTracker's customers directly infringe the '560 patent at least when they use the Accused Products for performing electronic analysis of athletic performance.

21. On information and belief, ShotTracker specifically intends the Accused Products to be used in a manner that directly infringes the '560 patent. On information and belief, ShotTracker's actions have, at a minimum, shown willful blindness or indifference to the '560 patent. On information and belief, ShotTracker induces its customers to directly infringe the

'560 patent by promoting, advertising, and instructing distributors and customers on how to use the Accused Products for performing electronic analysis of athletic performance. ShotTracker's promotion, advertising, and instruction efforts that induce infringement of one or more of the claims of the '560 patent include, at a minimum, presentations on its website (http://support.shottracker.com/hc/en-us), on the iTunes store (https://itunes.apple.com/us/app/shottracker-player/id926461132?mt=8), and on the Google Play store (https://play.google.com/store/apps/details?id=com.shottracker.player&hl=en).

22. On information and belief, ShotTracker's direct and indirect customers follow ShotTracker's promotion, advertising, and/or instructions and when they do so, they directly infringe the '560 patent. ShotTracker is aware and intends that its customers will and do follow ShotTracker's instructions for use of the Accused Products, and in doing so such customers are using a system and method that includes each limitation of one or more claims of the '560 patent and, therefore, directly infringes claims of the '560 patent.

23. Based on the preceding paragraphs, there was and is an objectively high likelihood that ShotTracker's activities have been and are infringing the '560 patent; ShotTracker has been and is infringing the '560 patent with knowledge of the patent; and ShotTracker subjectively knew of the risk of infringement of the '560 patent and/or the risk of infringement of the '560 patent was so obvious that ShotTracker should have known of the risk; and thus, ShotTracker's infringement of the '560 patent has been and continues to be willful.

24. On information and belief, ShotTracker will continue to infringe the '560 patent unless and until it is enjoined by this Court.

25. ShotTracker has caused and will continue to cause InfoMotion irreparable injury and damage by infringing the '560 patent. InfoMotion will suffer further irreparable injury, for

which it has no adequate remedy at law, unless and until ShotTracker is enjoined from infringing the '560 patent.

## COUNT II
### (Infringement of U.S. Patent No. 8,579,632)

26. InfoMotion restates and realleges the preceding paragraphs of this Complaint.

27. On information and belief, ShotTracker is directly infringing and actively inducing others to infringe the '632 patent by making, using, offering to sell, and/or selling within the United States its Accused Products and will continue to do so unless enjoined by this Court.

28. On information and belief, the '632 patent is directly infringed by at least ShotTracker's own making, using, selling, and offering to sell the Accused Products and also by direct and indirect customers of ShotTracker who use the Accused Products in a manner that directly infringes one or more claims of the '632 patent. ShotTracker's customers directly infringe the '632 patent at least when they use the Accused Products for performing electronic analysis of athletic performance.

29. On information and belief, ShotTracker specifically intends the Accused Products to be used in a manner that directly infringes the '632 patent. On information and belief, ShotTracker's actions have, at a minimum, shown willful blindness or indifference to the '632 patent. On information and belief, ShotTracker induces its customers to directly infringe the '632 patent by promoting, advertising, and instructing distributors and customers on how to use the Accused Products for performing electronic analysis of athletic performance. ShotTracker's promotion, advertising, and instruction efforts that induce infringement of one or more of the claims of the '632 patent include, at a minimum, presentations on its website (http://support.shottracker.com/hc/en-us), on the iTunes store

(https://itunes.apple.com/us/app/shottracker-player/id926461132?mt=8), and on the Google Play store (https://play.google.com/store/apps/details?id=com.shottracker.player&hl=en).

30. On information and belief, ShotTracker's direct and indirect customers follow ShotTracker's promotion, advertising, and/or instructions and when they do so, they directly infringe the '632 patent. ShotTracker is aware and intends that its customers will and do follow ShotTracker's instructions for use of the Accused Products, and in doing so such customers are using a system and method that includes each limitation of one or more claims of the '632 patent and, therefore, directly infringes claims of the '632 patent.

31. Based on the preceding paragraphs, there was and is an objectively high likelihood that ShotTracker's activities have been and are infringing the '632 patent; ShotTracker has been and is infringing the '632 patent with knowledge of the patent; and ShotTracker subjectively knew of the risk of infringement of the '632 patent and/or the risk of infringement of the '632 patent was so obvious that ShotTracker should have known of the risk; and thus, ShotTracker's infringement of the '632 patent has been and continues to be willful.

32. On information and belief, ShotTracker will continue to infringe the '632 patent unless and until it is enjoined by this Court.

33. ShotTracker has caused and will continue to cause InfoMotion irreparable injury and damage by infringing the '632 patent. InfoMotion will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until ShotTracker is enjoined from infringing the '632 patent.

## PRAYER FOR RELIEF

WHEREFORE, InfoMotion respectfully requests that this Court:

(1) Enter judgment that ShotTracker has infringed the '560 and '632 patents;

(2) Enter an order permanently enjoining ShotTracker and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '560 and '632 patents;

(3) Award InfoMotion damages in an amount sufficient to compensate it for ShotTracker's infringement of the '560 and '632 patents, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4) Award InfoMotion an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5) Treble the damages awarded to InfoMotion under 35 U.S.C. § 284 by reason of ShotTracker's willful infringement of the '560 and '632 patents;

(6) Declare this case to be "exceptional" under 35 U.S.C. § 285 and award InfoMotion its attorney fees, expenses, and costs incurred in this action; and

(7) Award InfoMotion such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

InfoMotion demands a jury trial on all issues so triable.

Dated: November 25, 2015                **LATHROP & GAGE LLP**

By:  s/ David R. Barnard
David R. Barnard            (KS #17955)
Email: DBarnard@lathropgage.com
LATHROP & GAGE LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
Telephone: (816) 460-5869
Facsimile:  (816) 292-2001

*Attorney for Plaintiff*
*InfoMotion Sports Technologies, Inc.*